WARREN v. CASEY et al.

(Circuit Court, E. D. Pennsylvania. February 2, 1899.)

No. 16.

PATENTS—INVENTION—SPECTACLE CASES.
 The Warren patent, No. 589,676, for a spectacle case, *held* void for lack of invention, and also not infringed.

This was a suit in equity by Warren against Casey & Chism for infringement of a patent.

Hector T. Fenton, for complainant.
Wiedersheim & Fairbanks, for defendants.

DALLAS, Circuit Judge. This suit is brought on letters patent No. 589,676, dated September 7, 1897, issued to the complainant for a spectacle case. As applied for, the patent contained two claims, as follows:

"(1) As a new article of manufacture, an eyeglass case, comprising a pocket composed of a back plate and a front piece, secured at three of its edges to the back plate, the free edge of the front piece cut low, to enhance the insertion and removal of an eyeglass, a bulged-out or buckled lid of stiff material, hinged to the upper edge of the back plate of the pocket, and a lock for securing the lid to the pocket, substantially as and for the purposes set forth.

"(2) As a new article of manufacture, an eyeglass case, comprising a pocket composed of a back plate and a front piece, secured at three of its edges to a back plate, a distance block in the middle of the pocket, to hold the

front piece away from the back plate, and protect the nose piece of an eyeglass, the free edge of the front piece cut low, to enhance the insertion and removal of an eyeglass, a bulged-out or buckled lid of stiff material, hinged to the upper edge of the back plate of the pocket, and a lock for securing the lid in a closed position, substantially as and for the purposes set forth."

Both claims were at first rejected; and the solicitor for the applicant then presented an argument in which he conceded that the Farley and Closs patents, which had been referred to by the examiner, "show distance blocks as in the application," but submitted "that taking any of the devices patented by Strauss, Sewell, or Hauck, and adding such distance block in the manner indicated by Farley or Closs, the new device would not be the same as that shown by the applicant, because the device would be lacking the buckled lid of sheet metal or other stiff material by which the nose piece of a pair of eyeglasses is protected, as is fully described in the application." Thereupon, and upon further consideration, claim 1 was again rejected, but claim 2 was allowed. This ruling of the patent office was acquiesced in by the applicant, and the patent was accordingly issued and accepted.

Comparison of the rejected claim with that which was allowed shows that the only material difference between them is that the latter contains a single element, which was not contained in the former, namely, "the distance block in the middle of the pocket, to hold the front piece away from the back plate, and protect the nose piece of an eyeglass"; and hence it is manifest that the office, in conceding the patentability of the subject-matter of the patent as it stands, gave controlling effect to its inclusion of the distance block. Without that block, the patentee's spectacle case would be devoid of novelty. This, I repeat, was, in effect, decided before the patent was granted, and that decision was not only acquiesced in, but is clearly sustained by the evidence now before the court. But the proofs also establish that a distance block, substantially the same as that which the specification states may, "if preferred," be inserted, had previously been used in similar devices; and upon what ground the examiner, who perceived and referred to this fact, based his final conclusion that "claim 2 appears to be allowable," is not apparent. In my opinion, the mere addition, to the admittedly old device described in the first claim, of so obvious a means of holding the front piece away from the back plate as the pre-existing distance block, could not possibly involve invention. Neither do I see how the part described as "a bulged-out or buckled lid of stiff material" could be supposed to impart patentability to that device, for that part (in itself not new) was, in precisely the same terms and with the same object, included as well in the claim which was rejected as in that which was allowed.

The patent, even if it were valid, has not been shown to have been infringed. The prior state of the art and the proceedings in the patent office require that it should be narrowly construed. The defendant's spectacle case has not "a bulged-out or buckled lid of stiff material." It is not absolutely limp or flabby, but it is not "stiff," in the sense in which that word ought, for the present purpose, to be understood. The complainant contends that "it will not yield easily to pressure," and that, therefore, it corresponds with the description

embodied in the specification. But the word "easily" is as vague and indefinite as is the word "stiff"; and to what extent a material may yield without being said to yield easily it is difficult to determine. I think, however, that the context is, in this instance, assisting; that the mention of "pressed paper" and of "sheet metal," as being material which would be suitable to form the lid, indicates that it was contemplated that it should be so composed as to be capable of resisting a quite considerable degree of pressure. In this view of the matter, I am confirmed by the fact that a witness for the complainant, upon being asked whether two samples of the complainant's case, which he had produced, both had a stiff, buckled lid, answered, "Not both of them; one has, and the other has not;" and by the fact that, upon comparison, it appears that the defendant's lid is substantially the same as that which the witness testified was not a stiff, buckled one, and is wholly without the very decided rigidity of the other.

The conclusion has been reached that the patent sued upon cannot be upheld. and also that the charge of infringement has not been maintained. The bill will be dismissed, with costs.